IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**THOMAS D. MURRAY, and**                                                **PLAINTIFFS**
**THERESA D. MURRAY**

**v.**                                              **Civil No. 1:16cv37-HSO-JCG**

**HAROLD B. AINSWORTH, et al.**                                   **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER GRANTING THE FEDERAL
DEFENDANT'S MOTION [8] TO DISMISS AND REMANDING THIS CASE
TO STATE COURT FOR LACK OF SUBJECT-MATTER JURISDICTION**

BEFORE THE COURT is the Motion [8] to Dismiss for Lack of Subject-Matter Jurisdiction filed by the Federal Defendant in this case, the United States Department of Agriculture, National Forest Service in Mississippi, De Soto Ranger District (the "Federal Defendant"). Plaintiffs Thomas and Theresa Murray ("Plaintiffs") have filed a Response [12] in Opposition. The Motion [8] to Dismiss is also opposed by the other Defendants in this civil action, Harold B. Ainsworth, Opal B. Ainsworth, Loreeda L. Strickland, a/k/a Laverna L. Ladner (Strickland), Linda Kay Langley Webb, and Pauline Bond Campbell (collectively, the "Private Landowners"). Private Landowners' Resp. [10] & Mem. Opp'n [11].

After full review and consideration of the pleadings on file, the record as a whole, and relevant legal authority, the Court finds that the Motion [8] to Dismiss pursuant to Rule 12(b)(1) should be granted and Plaintiffs' State-law claim against the Federal Defendant should be dismissed without prejudice. Because there are no remaining claims against the Federal Defendant and no other source of federal

jurisdiction, the claims against the remaining Defendants in this case will be remanded to State court.

## I. BACKGROUND

Plaintiffs purport to own an 80-acre parcel of land located in Stone County, Mississippi, and claim that they are attempting to secure easements through the Private Landowners' or Federal Defendant's adjacent property to establish a road and supply electrical power access to their property. Mem. Supp. Mot. [9], at 2–3. Plaintiffs originally filed this civil action against only the Private Landowners in the Special Court of Eminent Domain for Stone County, Mississippi, on July 22, 2014. Compl. for Private Road. [4], at 4. On February 23, 2015, Plaintiffs amended their Petition to add the Federal Defendant as a party. Am. Pet. for Private Road [4], at 59.

The Federal Defendant is also an adjoining landowner, and Plaintiffs argue that it is a necessary party to this action for a private road pursuant to Mississippi Code Annotated Section 65-7-201 because "case law in Mississippi requires that all adjoining land owners are to be joined as a necessary party in an action for a private road."[1] Pls.' Resp. [12], at 2. In their First Amended Petition, Plaintiffs

---

[1] The Court expresses no opinion as to whether Plaintiffs have correctly stated Mississippi law concerning the necessity of joining all adjacent land owners in a Section 65-7-201 action. The statute's text contains no such requirement, and the single case Plaintiffs cite for this proposition, *Rotenberry v. Renfro*, 214 So. 2d 275 (Miss. 1968), does not discuss necessary parties to such an action but states "before one may acquire a private roadway over the lands of another . . . the landlocked landowner must allege and show that he has been unable to obtain a reasonable right-of-way from all of the surrounding property owners." *Id.* at 278.

asked the Special Court of Eminent Domain to "[g]rant [an] easement for ingress and egress across the property of one of the named Defendants . . ." and to "[g]rant an easement within the ingress and egress easement for the purpose of providing electrical power to the Plaintiffs' property. . . ." *Id.* at 64–65. The Federal Defendant was served with the Amended Petition on January 28, 2016, and removed the case to this Court on February 8, 2016, based on 28 U.S.C. § 1442(a)(1), as a case commenced in State court against the United States or a federal agency. Not. Removal [1].

On May 27, 2016, the Federal Defendant filed the instant Motion [8] to Dismiss for Lack of Subject-Matter Jurisdiction. The Federal Defendant argues that Congress has only waived the Government's sovereign immunity when claims against federally-owned property are brought in federal court under the Quiet Title Act ("QTA"), 28 U.S.C. § 2409a. Mem. Supp. Mot. [9], at 1–2. For this reason, the Federal Defendant maintains that the State court lacked jurisdiction over Plaintiffs' claim against the Federal Defendant brought under Mississippi Code Annotated Section 65-7-201. *Id.* The Federal Defendant further argues that, under the doctrine of derivative jurisdiction, this Court did not acquire jurisdiction over Plaintiffs' State-law claim upon removal. *Id.*

Plaintiffs and the Private Landowners oppose the Motion to Dismiss on equitable grounds, arguing the practical necessity of the Federal Defendant's participation in the State-law suit. *See* Pls.' Resp. [12]; Private Landowners' Resp.

3

[10] & Mem. Opp'n [11].  Plaintiffs have not sought leave to amend their Complaint to state a claim against the Federal Defendant under the QTA.

## II. DISCUSSION

A.   Legal Standard

A case is properly dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction "when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).  When, as here, the Court's subject-matter jurisdiction is challenged, the party asserting jurisdiction bears the burden of establishing it.  *King v. U.S. Dep't of Veterans Affairs*, 728 F.3d 410, 413 (5th Cir. 2013).  The party who seeks to invoke the jurisdiction of the federal court "'must prove by a preponderance of the evidence that the court has jurisdiction based on the complaint and evidence.'"  *Id.* (quoting *Ballew v. Cont'l Airlines, Inc.*, 668 F.3d 777, 781 (5th Cir. 2012)).

B.   This Court lacks subject-matter jurisdiction over Plaintiffs' removed claim against the Federal Defendant based on the doctrines of sovereign immunity and derivative jurisdiction.

   1.   The Government's sovereign immunity is waived for property claims only when such claims are brought pursuant to the Quiet Title Act, 28 U.S.C. § 2409a.

Under the doctrine of sovereign immunity, the federal government is immune from suit except to the extent that it consents or waives its immunity.  *Linkous v. United States*, 142 F.3d 271, 275 (5th Cir. 1998) (citing *United States v. Mitchell*, 445 U.S. 535, 538 (1980)).  Unless there has been an "unequivocally expressed"

4

waiver of sovereign immunity "together with a claim falling within the terms of the waiver," federal courts do not have jurisdiction to hear cases against the federal government.  *United States v. Nordic Village Inc.*, 503 U.S. 30, 33 (1992) ("Waivers of the Government's sovereign immunity, to be effective, must be unequivocally expressed." (quotation omitted)); *Young v. United States*, 727 F.3d 444, 446–47 (5th Cir. 2013) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." (quotation omitted)).

      The Federal Defendant argues that Congress has only waived the Government's sovereign immunity with regard to property disputes brought under the Quiet Title Act ("QTA"), 28 U.S.C. § 2409a, and therefore the QTA is Plaintiffs' exclusive remedy in seeking an easement across federally-owned land.  Mem. Supp. Mot. [9], at 6.  The QTA waives the Government's sovereign immunity "in a civil action under this section to adjudicate a disputed title to real property in which the United States claims an interest."  28 U.S.C. § 2409a.  Congress vested exclusive jurisdiction over QTA claims in the federal district courts.  28 U.S.C.A. § 1346(f) ("The district courts shall have exclusive original jurisdiction of civil actions under section 2409a to quiet title to an estate or interest in real property in which an interest is claimed by the United States."); *Equity Trust Company v. Secretary of Veterans Affairs*, 806 F.3d 833, 834 (5th Cir. 2015) ("A quiet title action against the federal government must be brought in federal court . . . .") (citing *Block v. N. Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 286 (1983) ("Congress

intended the QTA to provide the exclusive means by which adverse claimants could challenge the United States' title to real property.")).

The United States Court of Appeals for the Fifth Circuit has held that despite State property laws concerning establishment of roads through neighboring property, "Congress intended easements to be included in the real property rights adjudicated in a quiet title action" under the QTA, and the QTA provides the exclusive basis for jurisdiction over such actions against the Government. *Sch. Bd. of Avoyelles Par. v. U.S. Dep't of Interior*, 647 F.3d 570, 580 (5th Cir. 2011) (internal quotation omitted) (discussing the QTA and its intersection with Louisiana Civil Code Art. 689, the State-law provision for establishing a road to landlocked property).

Plaintiffs have not carried their burden to establish that the federal government has waived its sovereign immunity in this State-law action for an easement over federal property. *See King*, 728 F.3d at 413. Instead Plaintiffs argue that the "equitable thing to do would be to decide this case and get it over with." Pls.' Resp. [12], at 3. Similarly, the Private Landowners argue that the Federal Defendant should not be dismissed for practical reasons "because it is an adjoining landowner with an existing road that would provide a reasonable right-of-way to Plaintiffs' property without condemning private property." Private Landowners' Resp. [11], at 3. Neither Plaintiffs nor the Private Landowners address the Federal Defendant's argument that this Court lacks jurisdiction entirely, such that it may not "retain jurisdiction" based on equitable concerns. Pls.' Resp. [12], at 3.

      2.    <u>Pursuant to the doctrine of derivative jurisdiction, if the State court lacked subject-matter jurisdiction over a claim, this Court does not acquire jurisdiction upon removal.</u>

Under the doctrine of derivative jurisdiction, the jurisdictional problem of sovereign immunity is not cured by removal to a federal forum. *Lopez v. Sentrillon Corporation*, 749 F.3d 347, 350 (5th Cir. 2014) ("Thus, where the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none, although in a like suit originally brought in a federal court it would have had jurisdiction." (quotation omitted and alteration adopted)); *see also Equity Trust*, 806 F.3d at 834 ("A quiet title action against the federal government must be brought in federal court, and when the state court lacks subject matter jurisdiction, no jurisdiction is added by removal to federal court."). The Fifth Circuit has held that a federal district court must dismiss "a case that falls within its exclusive jurisdiction if the case was first instituted in, and then removed from, a state court." *Cummings v. United States*, 648 F.2d 289, 291–92 (5th Cir. 1981) (quotation omitted) (dismissing the case entirely when property claims were asserted only against the federal government under Texas law rather than the QTA).[2]

---

[2] In *Cummings,* the plaintiff only stated claims against the federal government, and the court dismissed the case entirely based on the doctrine of derivative jurisdiction. 648 F.2d at 292. Here, Plaintiffs also brought suit against the Private Landowners under State law in State court. *See* Compl. for Private Road. [4], at 4. After the claim against the Federal Defendant has been dismissed, the remainder of this case against the Private Landowners may be remanded to State court rather than dismissed. *See Lopez*, 749 F.3d at 348 (affirming dismissal of all claims against the United States based on the derivative jurisdiction doctrine and remand as to the remaining state law claims).

The Special Court of Eminent Domain for Stone County, Mississippi, did not have subject-matter jurisdiction over Plaintiffs' claim against the Federal Defendant pursuant to Mississippi Code Annotated Section 65-7-201, which could only be brought under the QTA in federal court. *Equity Trust*, 806 F.3d at 834. It is well-established that

> no suit may be maintained against the United States unless the suit is brought in exact compliance with the terms of a statute under which the sovereign has consented to be sued. Where the United States has not consented to suit or the plaintiff has not met the terms of the statute, the court lacks jurisdiction and the action must be dismissed.

*Koehler v. United States*, 153 F.3d 263, 265–66 (5th Cir. 1998) (internal citation omitted). Applying the doctrine of derivative jurisdiction, because the State court lacked jurisdiction over Plaintiffs' State-law claim against the Federal Defendant, this Court acquired none upon removal pursuant to 28 U.S.C. § 1442(a)(1). Plaintiffs' claim against the Federal Defendant pursuant to Mississippi Code Annotated Section 65-7-201 must be dismissed without prejudice.[3]

Jurisdiction over this case was based on 28 U.S.C. § 1442(a)(1), as a case commenced in State court against the United States or a federal agency. Because there is no other source of federal jurisdiction following dismissal of the Federal Defendant, the remainder of this case will be remanded to State court pursuant to 28 U.S.C. § 1447(c).

---

[3] The Court notes that Plaintiffs did not request leave to amend their Petition to include claims under the QTA against the Federal Defendant.

III.  CONCLUSION

To the extent the Court has not addressed any of the parties' arguments, it has considered them and determined that they would not alter the result.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion [8] to Dismiss for Lack of Subject-Matter Jurisdiction filed by the Federal Defendant, the United States Department of Agriculture, National Forest Service in Mississippi, De Soto Ranger District, is **GRANTED**.  Plaintiffs' claim against the Federal Defendant is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the remainder of this case is hereby **REMANDED** to the Special Court of Eminent Domain for Stone County, Mississippi, from whence it was removed, and a certified copy of this Order of remand shall immediately be mailed by the Clerk of this Court to the clerk of the State court, pursuant to 28 U.S.C. § 1447(c).

**SO ORDERED AND ADJUDGED**, this the 29th day of July, 2016.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE